United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERNEST KOHSE,

Defendant.

Case No.: CR 08-00111-DLJ (BZ)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

On October 5, 2012, a hearing was held on the Government's motion to detain Defendant Ernest Kohse pending his supervised release violation hearing. Defendant was present and in custody, and represented by Assistant Public Defender Ned Smock. Assistant United States Attorney Andrew Huang appeared on behalf of the Government. Probation Officer Jenna Russo, appearing for Sonia Lapizco, was also present. For the reasons stated below, the court orders that Defendant be detained.

On August 8, 2008, Defendant was sentenced to 30 months in custody and three years of supervised release following a conviction for being a felon in possession of a firearm (Class C felony). In June 2011, a Form 12 was filed charging him with testing positive for amphetamines and for driving a vehicle without a valid driver's license. In August 2011, an amended Form 12 was filed, adding additional charges of possession of drug paraphernalia and repeated failure to report for drug testing. As a result, on August 11, 2011, Defendant was sentenced to 8 months imprisonment, and a 21month term of supervised release.

On June 28, 2012, Defendant's probation officer filed this petition alleging that Defendant had failed to report to a probation officer following his release on June 20, 2012 from the Federal Correctional Institution at Herlong, California. Judge Jensen found probable cause and issued a

warrant for his arrest. Since Defendant is charged with a supervised release violation, he has the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.

Defendant proffered that he was not aware of the requirement to report to a probation officer and that he had resumed residence at an address in Fremont known to his probation officer who made no effort to contact him following his release. Defendant further proffered that he was working for his father; however neither his father nor his mother attended the hearing or offered to act as a surety or custodian. Defendant asked that he be permitted to return to the same address and proffered that he would report to his probation officer in the future.

The government responded by noting that both his 2008 and 2011 judgments contained the standard provision that Defendant report to a probation officer within 72 hours of release from prison, and that he had made no effort to contact his probation officer in the over 3 months since his release. The government also proffered that he had fled from law enforcement on the occasion of an earlier arrest, that he had spent time in isolation while in prison because of incidents of violence and that he had a history of drug use.

Having considered the proffers, I find that Defendant has failed to convince me by clear and convincing evidence that he is neither a risk of flight nor a danger to the community or that he is amenable to supervision. He clearly has flight and violence in his history. Essentially, his attitude appears to be that is the probation officer's responsibility to make sure that he complies with the conditions of release, not that he has an affirmative obligation to do so. He offered no explanation why, during the three months he was living in Fremont, knowing that he was on supervised release, and knowing that his probation officer had not contacted him, he did not report to his probation officer. Furthermore, because he insisted on having his detention hearing at his initial appearance, I had no way of knowing whether he is using drugs or whether his parents would act as sureties or custodians to provide the court with some assurance that he would abide by conditions of release.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

DETENTION ORDER
CR 08-00111-DLJ (BZ)  2

persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 5, 2012

BERNARD ZIMMERMAN
United States Magistrate Judge

DETENTION ORDER
CR 08-00111-DLJ (BZ)    3